UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HUDSON,

        Petitioner,                      Case Number: 98-71756

v.                                                 HONORABLE AVERN COHN

KURT JONES,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION UNDER FED. R. CIV. P. 60(b)

I.

Petitioner David Hudson (Petitioner) is a state prisoner convicted of first degree felony murder, armed robbery, and felony firearm and serving a mandatory life sentence without the possibility of parole. Petitioner filed, through counsel, a petition for writ of habeas corpus under 28 U.S.C. § 2254 claiming that he is incarcerated in violation of his constitutional rights. Petitioner specifically claimed: (1) the trial court erred in denying his motion to suppress, (2) the prosecutor committed misconduct, (3) he was denied the effective assistance of counsel on several grounds, (4) he was denied the opportunity to present a defense when the trial court denied a motion to exclude certain evidence, and (5) he was denied his right to a fair jury when a juror was questioned in chambers outside of his presence.

The matter was referred to a magistrate judge for a report and recommendation (MJRR). The magistrate judge recommended that the petition be denied on all claims. The Court agreed with the MJRR with one exception -- Petitioner's ineffective assistance of counsel claim regarding due to counsel's absence when the jury was

1

reinstructed. The Court adopted the findings and conclusions of the magistrate judge as to all claims except this allegation of ineffective assistance of counsel and ordered the parties to further brief the issue. See Order Adopting Report and Recommendation in Part and Directing Parties to File Supplemental Papers, dated November 27, 2001.

The Court then granted the petition on the grounds that Petitioner had been denied the effective assistance of counsel because his trial attorney was not present when the judge reinstructed the deliberating jury. See Memorandum and Order Conditionally Granting Application for Writ of Habeas Corpus, filed March 7, 2003.

Respondent appealed. The Court of Appeals for the Sixth Circuit reversed the Court's decision and remanded with instructions to dismiss the petition. Hudson v. Jones, 351 F.3d 212 (6th Cir. 2004). The Sixth Circuit denied en banc review. See Order filed Feb. 26, 2004. The United States Supreme Court denied certiorari. Hudson v. Jones, 127 S. Ct. 247 (Oct. 4, 2004).

II.

Before the Court is Petitioner's pro se motion under Fed. R. Civ. P. 60(b) which provides in relevant part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A review of Petitioner's motion papers makes clear that he requests reconsideration of the Sixth Circuit's decision. Petitioner makes several arguments why

2

he believes the Sixth Circuit's decision was in error and why the dissenting judge's opinion, as well as this Court's opinion, is correct.  Petitioner cannot use Rule 60(b) to reargue the merits of the petition.  The motion is DENIED.

    SO ORDERED.

Dated:  June 17, 2005

                s/Avern Cohn  
                AVERN COHN  
                UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, June 17, 2005, by electronic and/or ordinary mail.

                s/Julie Owens  
                Case Manager, (313) 234-5160

2:98-cv-71756-AC-DAS   Doc # 75   Filed 06/17/05   Pg 4 of 6   Pg ID 189

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HUDSON,

        Petitioner,                     Case Number: 98-71756

v.                                              HONORABLE AVERN COHN

KURT JONES,

        Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION UNDER FED. R. CIV. P. 60(b)

I.

Petitioner David Hudson (Petitioner) is a state prisoner convicted of first degree felony murder, armed robbery, and felony firearm and serving a mandatory life sentence without the possibility of parole. Petitioner filed, through counsel, a petition for writ of habeas corpus under 28 U.S.C. § 2254 claiming that he is incarcerated in violation of his constitutional rights. Petitioner specifically claimed: (1) the trial court erred in denying his motion to suppress, (2) the prosecutor committed misconduct, (3) he was denied the effective assistance of counsel on several grounds, (4) he was denied the opportunity to present a defense when the trial court denied a motion to exclude certain evidence, and (5) he was denied his right to a fair jury when a juror was questioned in chambers outside of his presence.

The matter was referred to a magistrate judge for a report and recommendation (MJRR). The magistrate judge recommended that the petition be denied on all claims. The Court agreed with the MJRR with one exception -- Petitioner's ineffective assistance of counsel claim regarding due to counsel's absence when the jury was

1

reinstructed.  The Court adopted the findings and conclusions of the magistrate judge as to all claims except this allegation of ineffective assistance of counsel and ordered the parties to further brief the issue.  See Order Adopting Report and Recommendation in Part and Directing Parties to File Supplemental Papers, dated November 27, 2001.

The Court then granted the petition on the grounds that Petitioner had been denied the effective assistance of counsel because his trial attorney was not present when the judge reinstructed the deliberating jury.  See Memorandum and Order Conditionally Granting Application for Writ of Habeas Corpus, filed March 7, 2003.

Respondent appealed.  The Court of Appeals for the Sixth Circuit reversed the Court's decision and remanded with instructions to dismiss the petition.  Hudson v. Jones, 351 F.3d 212 (6th Cir. 2004).  The Sixth Circuit denied en banc review.  See Order filed Feb. 26, 2004.  The United States Supreme Court denied certiorari.  Hudson v. Jones, 127 S. Ct. 247 (Oct. 4, 2004).

II.

Before the Court is Petitioner's pro se motion under Fed. R. Civ. P. 60(b) which provides in relevant part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A review of Petitioner's motion papers makes clear that he requests reconsideration of the Sixth Circuit's decision.  Petitioner makes several arguments why

2

he believes the Sixth Circuit's decision was in error and why the dissenting judge's opinion, as well as this Court's opinion, is correct. Petitioner cannot use Rule 60(b) to reargue the merits of the petition. The motion is DENIED.

    SO ORDERED.


                                            s/Avern Cohn

Dated: June 17, 2005                            AVERN COHN
                                  UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, June 17, 2005, by electronic and/or ordinary mail.

                                            s/Julie Owens
                                    Case Manager, (313) 234-5160