UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HUDSON,

    Petitioner,

v.                                CASE NO. 98-71756
                                    HONORABLE AVERN COHN

KURT JONES,

    Respondent.

_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

I.

Petitioner David Hudson (Petitioner) is a state prisoner convicted of first degree felony murder, armed robbery, and felony firearm and serving a mandatory life sentence without the possibility of parole. Petitioner filed, through counsel, a petition for writ of habeas corpus under 28 U.S.C. § 2254 claiming that he is incarcerated in violation of his constitutional rights. Petitioner specifically claimed: (1) the trial court erred in denying his motion to suppress, (2) the prosecutor committed misconduct, (3) he was denied the effective assistance of counsel on several grounds, (4) he was denied the opportunity to present a defense when the trial court denied a motion to exclude certain evidence, and (5) he was denied his right to a fair jury when a juror was questioned in chambers outside of his presence.

The matter was referred to a magistrate judge for a report and recommendation (MJRR). The magistrate judge recommended that the petition be denied on all claims. The Court agreed with the MJRR with one exception -- Petitioner's ineffective assistance of counsel claim regarding due to counsel's absence when the jury was

reinstructed.  The Court adopted the findings and conclusions of the magistrate judge as to all claims except this allegation of ineffective assistance of counsel and ordered the parties to further brief the issue.  See Order Adopting Report and Recommendation in Part and Directing Parties to File Supplemental Papers, dated November 27, 2001.

The Court then granted the petition on the grounds that Petitioner had been denied the effective assistance of counsel because his trial attorney was not present when the judge reinstructed the deliberating jury.  See Memorandum and Order Conditionally Granting Application for Writ of Habeas Corpus, filed March 7, 2003.

Respondent appealed.  The Court of Appeals for the Sixth Circuit reversed the Court's decision and remanded with instructions to dismiss the petition.  Hudson v. Jones, 351 F.3d 212 (6th Cir. 2004).  The Sixth Circuit denied en banc review.  See Order filed Feb. 26, 2004.  The United States Supreme Court denied certiorari.  Hudson v. Jones, 127 S. Ct. 247 (Oct. 4, 2004).

Petitioner then filed a pro se motion under Fed. R. Civ. P. 60(b) in which he essentially requested reconsideration of the Sixth Circuit's decision.  The Court denied the motion on the grounds that Petitioner cannot use Rule 60(b) to reargue the merits of his habeas petition.  See Order filed June 17, 2005.  Petitioner seeks to appeal the denial of his 60(b) motion.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue.  See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where a petition is

rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 120 S. Ct. at 1604. The Supreme Court also explained that where the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). The Supreme Court recently explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Where, as here, a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

3

III.

The Court finds that reasonable jurists could not debate whether Petitioner is entitled to relief under Rule 60(b) based on the grounds raised in his motion. Accordingly, a certificate of appealability is DENIED.

SO ORDERED.


Dated: July 6, 2005

　　　　　　　　　　　　　　　　　s/Avern Cohn
　　　　　　　　　　　　　　　　　AVERN COHN
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, July 6, 2005, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　　　　s/Julie Owens
　　　　　　　　　　　　　　　Case Manager, (313) 234-5160